Rollin A. Ransom (SBN 196126)
rransom@sidley.com
Sean Commons (SBN 217603)
scommons@sidley.com
Sheri Porath Rockwell (SBN 165726)
sheri.rockwell@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6047
Facsimile: +1 213 896 6600

Attorneys for Defendant
WARNER MUSIC GROUP CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WILLIAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WARNER MUSIC GROUP CORP., a Delaware Corporation: and DOES 1-100,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332(d) AND 1441** |

NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Warner Music Group Corp. ("WMG") removes to this Court the above-styled putative class action, pending as Case No. 18STCV00006 in the Superior Court for the County of Los Angeles (the "Class Action"). As grounds for removal, WMG states as follows:

## Background

1.  On October 4, 2018, plaintiff Leonard Williams ("Plaintiff") filed the Class Action against WMG. *See* Exhibit A.

2.  Plaintiff alleges that WMG has not paid the full amount of royalties allegedly due to persons or entities in connection with sound recordings digitally streamed in foreign countries. Compl. ¶¶ 2, 22. Plaintiff alleges that WMG excluded "up to 40%" of foreign streaming revenues when calculating royalties, based upon an "intercompany charge" associated with WMG's foreign affiliates. *Id.* ¶¶ 2-3, 37, 46, 53. Plaintiff further alleges that applying an intercompany charge when calculating royalties based on foreign streaming is improper; according to Plaintiff, royalties should be based on "100% of the revenue" from foreign streaming. *Id.* at ¶¶ 13-14, 16, 53.

3.  Plaintiff asserts individual and putative nationwide class claims for breach of contract, recovery on an open book account, violation of California Business and Professions Code § 17200 *et seq.*, conversion, unjust enrichment, accounting, and fraud. *Id.* at ¶¶ 4, 33-79. The putative class includes "All persons and entities in the United States, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators who are or were parties to agreements with WMG and its predecessors and subsidiaries whose music was streamed in a foreign country pursuant to such agreements." *Id.* at ¶ 22. Plaintiff estimates that "there are hundreds, if not thousands, of Class members." *Id.* at ¶ 25.

4. Plaintiff seeks actual damages, punitive damages, attorneys' fees, an accounting, a constructive trust, a notice program, injunctive relief, and declaratory relief on behalf of himself and the putative class. *Id.* ¶¶ 5, 22, 57-58, 62, 67, 77-79 & Prayer for Relief at ¶¶ 2-7, 10. Plaintiff purports to seek relief for alleged underpayment of foreign streaming royalties in the past as well as to change how class members are paid for foreign streaming in the future. Compl. ¶ 49 ("requesting Defendant be permanently enjoined from such acts in the future").

## Removal Is Proper And Timely

5. <u>Removal is Timely</u>. This Notice of Removal is timely because it is being filed within thirty days of receipt of a copy of the Complaint and Summons on October 19, 2018. *See* Exhibits A-B; 28 U.S.C. § 1441(b)(2)(B).

6. <u>Removal to Proper Court</u>. The Class Action is pending in the Superior Court of the State of California for the County of Los Angeles. This Court is the "district and division" encompassing that state court. 28 U.S.C. § 1446(a).

7. <u>Pleadings, Process and Orders</u>. Pursuant to 28 U.S.C. § 1446(a), copies of all of the process, pleadings, and orders served upon or obtained by WMG to date (the "State Court File") are attached as Exhibit A (the Complaint), Exhibit B (the Summons), and Exhibit C (all other materials).

8. <u>Filing and Service</u>. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and also will be served on Plaintiff through his counsel of record in accordance with 28 U.S.C. § 1446(d).

## This Court Has CAFA Diversity Jurisdiction

9. Congress passed the Class Action Fairness Act ("CAFA") "primarily to curb perceived abuses of the class action device . . . ." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010). "To achieve its purposes, CAFA provides expanded original diversity jurisdiction . . . ." *Id.* Under CAFA,

1. there is no presumption against removal jurisdiction.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

10. This Court has original CAFA jurisdiction because the Class Action is a putative nationwide class action in which at least one member of the putative class is a citizen of a state different from defendant WMG, the number of putative class members exceeds 100, and the amount allegedly in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2), (d)(5)(B).

11. <u>This Is a Covered Class Action</u>.  The Class Action was "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Specifically, the Complaint is styled as a "**CLASS ACTION**" and brought on behalf of Plaintiff "**and all others similarly situated**" pursuant to California Code of Civil Procedure § 382, which is California's analogue to Rule 23 of the Federal Rules of Civil Procedure.  *See* Exhibit A at 1 (emphases in original).  The Complaint expressly and repeatedly seeks relief "on behalf of a class."  Compl. ¶¶ 4, 17, 22, 25, 29.

12. <u>Minimal Diversity Is Satisfied</u>.  CAFA's diversity requirement is satisfied so long as any member of the putative class is a citizen of a state different from any defendant.  *See Dart Cherokee*, 135 S.Ct. at 552.  Here, Plaintiff alleges that he is a citizen of California and that WMG is a citizen of New York and Delaware.  *See* Compl. ¶¶ 6, 8; 28 U.S.C. § 1332(c).  Other members of the putative nationwide class are also citizens of states other than New York and Delaware.

13. <u>The Proposed Class Exceeds 100 Members</u>.  Plaintiff acknowledges that, due to the large size of the recorded music catalog of WMG and its affiliates, the putative nationwide class is comprised of "hundreds, if not thousands" of class members.  Compl. ¶¶ 10, 25.

14. <u>The Amount in Controversy Exceeds $5,000,000</u>.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective

assessment of defendant's liability" or a concession of liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Where, as here, a complaint does not affirmatively allege that the amount in controversy is *less* than $5,000,000, a removing defendant merely needs to allege plausible grounds that the amount in controversy exceeds the jurisdictional minimum. *See Dart Cherokee,* 135 S.Ct. at 554 (rejecting argument that a defendant must submit evidence to support alleged amount in controversy in notice of removal).

Without conceding that WMG is liable to Plaintiff or the putative class, in light of the allegations in the Complaint, CAFA's amount in controversy requirement is readily satisfied:

(a)   *Damages and restitution for alleged past underpayments*: Plaintiff seeks to recover on behalf of himself and the putative nationwide class alleged underpayments of foreign streaming royalties without respect to the statute of limitations. *See, e.g.*, Compl. ¶¶ 2, 49. If Plaintiff's allegations and legal theories were accepted, the amount in controversy based on alleged underpayments alone would exceed $5,000,000 even if (i) the claims of Plaintiff and putative class members were limited to alleged underpayments during just the three years preceding the filing of the Complaint, (ii) the average "intercompany charge" allegedly applied to foreign streaming revenues were 20% (instead of "up to 40%"), (iii) the nationwide class were limited to recording artists (*e.g.*, excluded producers or other persons who may be entitled to receive royalties), and (iv) the nationwide class were limited to recording artists who receive royalties equal to 50% or more of WMG's foreign streaming revenues (calculated after any applicable deductions or exclusions).

(b)   *Injunctive relief for future payments*: The cost of injunctive relief counts toward the amount in controversy (*see, e.g., Anderson v. Sea World Parks,* 132 F.Supp.3d 1156, 1161 (N.D. Cal. 2015)), and the Complaint seeks permanent injunctive relief on behalf of Plaintiff and the putative class for future payments (*e.g.*, Compl. ¶¶ 2, 49). In this case, the request for a permanent injunction satisfies the

5
NOTICE OF REMOVAL OF ACTION

amount in controversy standing alone.  Under Plaintiff's theory, future royalty payments would increase by more than $5,000,000 in the future, even if a permanent injunction were limited to three years and one adopted all of the same limiting assumptions described above for alleged past underpayments.  If anything, future payments account for a large amount in controversy because streaming services have been growing in popularity.

(c) *Punitive damages and attorneys' fees*:  Requests for punitive damages and attorneys' fees count toward the jurisdictional minimum, and Plaintiff seeks both on behalf of himself and the putative class.  *See Campbell v. Hartford Life Ins. Co.,* 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011) ("jurisdictional minimum may be satisfied by claims for … punitive damages, and attorneys' fees"); Compl. – Prayer For Relief ¶¶ 6-7.  As a result, even if the amount in controversy for past and future alleged underpayments collectively had totaled less than $5,000,000, Plaintiff's prayer for punitive damages and attorneys' fees would push the amount in controversy over the jurisdictional threshold.

15. <u>No CAFA Exceptions</u>.  Although WMG has no burden or obligation to rule out exceptions to CAFA jurisdiction, this case does not fall within any of the exceptions to CAFA jurisdiction because, among other reasons, WMG is not a citizen of California. 28 U.S.C. § 1332(c), (d)(3), (d)(4); Compl. ¶ 8.

Reservation of Rights

16. WMG reserves any and all defenses to the claims and allegations asserted against it in the Class Action, all of which it disputes and denies, including but not limited to any and all contractual rights and defenses (*e.g.*, to enforce pre-complaint notice requirements or compel compliance with alternative forms of dispute resolution).  This Notice of Removal is filed without prejudice to the exercise of any such rights.

///

///

1   **WHEREFORE**, WMG respectfully removes this action, now pending in the
2   Superior Court for the County of Los Angeles, to the United States District Court for
3   the Central District of California.

4   November 16, 2018                    Respectfully submitted,

                                         SIDLEY AUSTIN LLP

                                         By: */s/Rollin A. Ransom*
                                              Rollin A. Ransom
                                         Attorneys for Defendant
                                         WARNER MUSIC GROUP CORP.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, CA 90013.

On November 16, 2018, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1332(d) AND 1441** on all interested parties listed below in this action as follows:

Neville L. Johnson
Douglas L. Johnson
Arun Dayalan
Johnson & Johnson LLP,
439 North Canon Drive, Suite 200
Beverly Hills, CA 90210

Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez
Kiesel Law LLP
8648 Wilshire Blvd.
Beverly Hills, CA 90211-2910

Clifford H. Pearson
Daniel L. Warshaw
Bobby Pouya
Pearson, Simon & Warshaw LLP
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403

*Attorneys for Plaintiff*

☒ (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 16, 2018, at Los Angeles, California.

*/s/ Claudia Espinoza*
Claudia Espinoza

PROOF OF SERVICE