**FILED**

OCT 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD WILLIAMS, on behalf of himself and all others similarly situated; THE LENNY WILLIAMS PRODUCTION COMPANY, a California corporation,<br><br>    Plaintiffs-Appellees,<br><br>  v.<br><br>WARNER MUSIC GROUP CORPORATION, a Delaware Corporation; WARNER BROS. RECORDS, INC., a Delaware Corporation,<br><br>    Defendants-Appellants. | No.   19-56121<br><br>D.C. No.<br>2:18-cv-09691-RGK-PJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 21, 2019**
Pasadena, California

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  KLEINFELD, PAEZ, and CALLAHAN, Circuit Judges.

Warner Music Group Corp. and Warner Records Inc. (WBR) appeal from the district court's sua sponte remand of Leonard Williams' putative class action alleging that WBR underpaid royalties owed to potentially thousands of persons and entities for sound recordings streamed in foreign countries.  The district court held that WBR had not made the requisite showing that the matter in controversy exceeds $5,000,000.

This appeal is controlled by our recent decision in *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), which vacated a similar remand order.  In *Arias* we held "that when a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Id*. at 925.  We conclude that in this case WBR's notice of removal "plausibly alleges a basis for federal court jurisdiction," and accordingly we vacate the district court's sua sponte remand order.

On remand, should the district court again consider remanding this action to the state court, it should follow our holdings in *Arias* that: (1) "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only

plausible allegations of the jurisdictional elements"; (2) "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions"; and (3) "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id*. at 922 (quoting *Ibarra v. Manheim Investments, Inc.*, 755 F.3d 1193, 1197 (9th Cir. 2015)).

The district court's order remanding this action to the state court is VACATED and the matter is REMANDED to the district court.